```
                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                         Alexandria Division
```

YORKTOWNE SHOPPING CENTER, LLC    )
                                  )
    Plaintiff,                    )
                                  )
    v.                            )Civil Action No. 1:10cv1333
                                  )
NATIONAL SURETY CORPORATION       )
                                  )
    Defendant.                    )
                                  )

## MEMORANDUM OPINION

THIS MATTER comes on Defendant National Surety Corporation's Motion to Compel Discovery (Dkt. 30), which was taken under advisement on April 15, 2011. Upon consideration of plaintiff's Brief in Support of Privileged Communications with Alex N. Sill Company, documents submitted for *in camera* review, and Defendant National Surety Corporation's Supplemental Memorandum in Support of Defendant's Motion to Compel, for the following reasons, defendant's motion is DENIED.

## FACTS

On March 30, 2011, defendant National Surety Corporation ("NSC") subpoenaed The Alex N. Sill Company ("Sill") for documents concerning the fire at Yorktowne Shopping Center. Plaintiff hired Sill, a public adjuster, to assist in Yorktowne's pursuit of claims against NSC after the fire. On April 7, 2011, plaintiff's counsel asserted work product privilege as to certain Sill documents. On April 8, 2011, defendant brought a motion to

compel the subpoenaed Sill documents.  The same day, plaintiff provided defendant with a privilege log for withheld Sill documents.

Defendant argues that plaintiff's assertion of work-product privilege is untimely because plaintiff did not raise the privilege objection in its response to defendant's discovery requests.  Defendant also contends that work-product doctrine does not apply to the Sill documents because they were not prepared in anticipation of litigation or under the direction of an attorney.  In opposition, plaintiff argues the privilege applies because Yorktowne-Sill communications involved or were prepared to assist attorney Mitchell Weitzman in his representation of Yorktowne, and that the material was created in anticipation of litigation.

## STANDARD

Work product privilege recognizes the need for privacy between a lawyer and client in the development of legal theories, opinions and strategies.  *National Union Fire Insurance Co. of Pittsburgh, Pa.*, 967 F.2d 980, 983 (4th Cir. 1992).  Accordingly, the work product rule limits discovery of documents (1) prepared by, or under the direction of, an attorney or representative[1], and (2) in anticipation of litigation.  Fed.R.Civ.P. 26(b)(3); *E.I. DuPont De Nemours and Co. v. Kolon Indus., Inc*. No.

---

[1] Fed.R.Civ.P. 26(b)(3)(A) provides in part: "*Documents and Tangible Things*.  Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or fr another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent."

3:09cv58, 2010 U.S. Dist. LEXIS 36530 at *10 (E.D. Va. April 13, 2010). A document is prepared "in anticipation of litigation" if it was created because of an event or series of events that could reasonably lead to litigation, and if it would not have been prepared in a substantially similar form but for the prospect of litigation. *RLI Ins. Co. v. Conseco, Inc.*, 447 F.Supp. 2d 741,746-48 (E.D. Va. 2007).

## ANALYSIS

Upon *in camera* review of these documents, the Court finds that work product protection applies.[2] First, each document in issue was created by or under the direction of Yorktowne's attorney, Mitchell Weitzman or Yorktowne's agent, Sill. Plaintiff hired Sill to maximize its coverage under the NSC policy, which required Sill and Yorktowne to work together with Attorney Weitzman, as representatives of Yorktowne. Reports and other analyses prepared by Sill were created to assist Mr. Weitzman in his representation of Yorktowne. Moreover, each communication identified on plaintiff's privilege log pertained to Mr. Weitzman's representation of Yorktowne, and included detailed legal analysis of Yorktowne's coverage objective. Also, plaintiff clearly anticipated imminent litigation between Yorktowne and Insurance Company if the claims were not settled amicably.

As to timeliness, the Court finds that plaintiff timely

---

[2] Plaintiff also asserts attorney-client privilege as to a communication between Mitchell Weitzman and Paula Wills (Privilege Log ¶42). It is apparent that she acted under the direction of Mr. Weitzman, and so this document is privileged.

asserted privilege and provided defendant with an adequate privilege log of these documents. Further, even if plaintiff's privilege assertion was slightly late, there is no prejudice to defendant.

For the foregoing reasons, defendant's motion is DENIED. An appropriate Order shall issue.

ENTERED this 16th day of May, 2011.

                                            /s/
                                THERESA CARROLL BUCHANAN
                                UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia